Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                Case No.: 1-19-41715-cec
                                                                         Chapter 11
Wise Espresso Bar, Corp.
                                        Debtor.
-------------------------------------------------------X

## DEBTOR'S OBJECTION TO
## MOTION TO AUTOMATIC STAY

**TO THE HONORABLE CARLA E CRAIG**
**UNITED STATES BANKRUPTCY JUDGE:**

  The Debtor, Wise Espresso Bar, Corp. (the "**Debtor**"), by his undersigned counsel, Alla Kachan, Esq., of Law Office of Alla Kachan, P.C., (the "**Attorney**"), respectfully submits this Objection ("Objection") to the Motion of Andrey Khalilov and Ekaterina Suprun (the "**FLSA Creditors**") to relief the automatic stay (the "**Motion**"), and in support thereof, avers as follows:

### INTRODUCTION

  1.  On March 25, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 U.S.C. (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Eastern District of New York. *See ECF Doc. No. 1.*

  2.  The Debtor continues to operate and manage its affairs as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

  3.  The Debtor is a New York corporation with the business address 3120 Coney Island Avenue, Brooklyn, NY, 11235. From the filing of this bankruptcy case, Debtor has consistently and timely filed all Monthly Operational Reports pursuant to the rules of the Bankruptcy Court.

As well, Debtor is up to date with all the payments of the quarterly fees to the US Trustee's Office as debtor in possession.

4.      On July 1, 2019, Andrey Khalilov and Ekaterina Suprun though their counsel, Steven Seltzer, Esq., The Seltzer Law Group P.C., filed the Motion to lift automatic stay and FLSA Creditors' memorandum of law in support of said motion. The FLSA Creditors requested the Court to grant an Order under 11 USC §362 (d)(1) lifting the Automatic Stay to continue an action for violations of the Fair Labor Standards Act and New York Labor Law presently pending against the debtor, Wise Espresso, Corp. and non-debtors Rasul Igamberdiev and Diana Sulyemanova, in the United State District Court for the eastern district of New York.

5.      The Debtor disagrees with the position of the FLSA Creditors, and respectfully asks this Court to deny the motion by continuing the automatic stay and to allow the Debtor to address and ultimatly settle all claims within this Bankruptcy case for the forgoing reasons.

## ARGUMENT

6.      The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection, 474 U.S. 494, 503 (1986)*. The purpose of the automatic stay is to allow a debtor to focus its attention on reorganization efforts without the distraction of having to defend against outside litigation. *CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990)*. The automatic stay provides the debtor with a "breathing spell" after the commencement of a bankruptcy case. *See In re Johns-Manville Corp., 801 F.2d 60, 64 (2d Cir. 1986); see also In re Laguna Assocs. Ltd. P'ship, 30 F.3d 734, 737 3 (6th Cir. 1994)* (the purpose the automatic stay "is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state.") *(quoting In re Winshall Settlor's Trust, 758 F.2d 1136, 1137 (6th Cir. 1985). U.S.C.*

*§362(a)(1).*

7.  Under the Bankruptcy Code, the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy]." *See 11 U.S.C. §362(a)(1).*

8.  In contract, the Bankruptcy Code provides for the automatic stay to be lifted under certain circumstances. Section 362(d)(1) provides in relevant part: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay . . . by terminating, annulling, modifying, or conditioning such stay -- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest". *See 11 U.S.C. §362(d)(1).*

9.  Therefore, the Court will only modify or lift the automatic stay upon a showing of "cause." *11 U.S.C. 362(d)(1); In re Lord, 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005).* But neither section 362(d)(1) nor the legislative history of section 362 define "cause." *In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).* Thus, the decision whether to modify the stay is left to the discretion of the Bankruptcy Court. *In re Marketxt Holdings Corp., 428 B.R. 579, 584 (S.D.N.Y. 2010) (citing Sonnax Indus., Inc. v. Tri Component Prod. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1286 (2d Cir. 1990)).* The Second Circuit established a set of twelve factors in Sonnax that have become the standard by which courts in the Second Circuit consider whether to modify the automatic stay. *In re Lehman Bros. Holdings Inc., 435 B.R. 122, 138 (S.D.N.Y. 2010)* ("Sonnax . . . is routinely referenced as the leading relief from stay precedent in this Circuit."), *aff'd sub nom. Suncal Cmtys. I LLC v. Lehman Commercial Paper, Inc., 402 F. App'x 634 (2d Cir. 2010); see also In re Salander O'Reilly Galleries, 453 B.R. 106, 119 (Bankr. S.D.NY. 2011).*

10. The twelve Sonnax factors are:

- whether relief would result in a partial or complete resolution of the issues;

- lack of any connection with or interference with the bankruptcy case;

- whether the other proceeding involves the debtor as a fiduciary;

- whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

- whether the debtor's insurer has assumed full responsibility for defending it;

- whether the action primarily involves third parties;

- whether litigation in another forum would prejudice the interests of other creditors;

- whether the judgment claim arising from the other action is subject to equitable subordination;

- whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

- the interests of judicial economy and the expeditious and economical resolution of litigation;

- whether the parties are ready for trial in the other proceeding;

- impact of the stay on the parties and the balance of harms.

*See Sonnax, 907 F.2d at 1286.*

11. As a preliminary matter, the Creditors in question have not filed a proof od claim in the case, an as such may be reviewed as lacking the standings to make this motion.

12. Although the Sonnax court outlined twelve factors, courts need not consider each factor, but may consider only the factors "that are relevant to the particular case." *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship (In re Burger Boys, Inc.), 183 B.R. 682, 688 (S.D.N.Y. 1994).* In fact, the Sonnax court itself considered only four of the twelve factors as relevant in that case.

*Sonnax, 907 F.2d at 1286.* Additionally, courts need not assign equal weight to each factor, and have discretion is weighing the factors against one another. *In re RCM Global Long Term Captial Appreciation Fund, Ltd., 200 B.R. 514, 526 (Bankr. S.D.N.Y. 1996)* ("A court should apply these factors on a case-by-case basis . . . assigning to each factor whatever weight the court feels is appropriate.").

13.     The FLSA Creditors asserted that the relief from stay would result the resolution of the FLSA Creditor's claims. It's not practically true, as depending on how a judgment is structured in the District Court, there might not be a resolution that could allow for the claims to be properly allocated. Therefore, it is more rational that this issue would still have to be resolved in this Court.

14.     The said motion alleged that the FLSA Creditors have the largest claim against the Debtor's estate. The Court established the Bar date to file a proof of claims as July 22, 2019 and September 23, 2019 for Government Proof of Claim. Consequently, before the expiration of these dates it is impossible to determine whether the said claims are the largest. Moreover, at present, FLSA Creditors itself did not file a proof of claim to date, on the docket.

15.     Upon information and belief, the Debtor has other creditors, whose claims are best resolved through the claim objection process and subsequently confirmation of the plan of reorganization. The merchant advance creditor, American Express has similar not fled a proof of claim to date.

16.     It is in fact in the best interest of the creditors to reach a global resolution of all FLSA claims, including alleged personal liability of the principal and manager of the Debtor within the bankruptcy court. Thus, in the present case, would seek to reach terms of the global settlement agreement of all FLSA claims, with resulting release of all additional defendants. Furthermore, the Bankruptcy Code affords specific priority treatment to a portion of each FLSA claims. Thus, taken

together with a global settlement and a resolution of other claims in the case through the claim objection process and plan confirmation, the Bankruptcy Court is by Law the superior forum for the FLSA claims in question, once said claims are properly asserted in the case.

17. Based on the foregoing, upon information and belief, the continuation of the automatic stay is in the best interests of the Creditors, estate and all parties in interest, as it will allow the Debtor to continue to work with the creditors to reach a mutually agreeable treatment of the claim, which will subsequently allow for the Debtor to submit a feasible plan of reorganization.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order denying Motion to lift the automatic stay.

Dated: Brooklyn, New York  
       July 10, 2019

/s/ Alla Kachan, Esq.  
Alla Kachan, Esq.  
Law Offices of Alla Kachan, P.C.  
*Attorneys for the Debtor*  
3099 Coney Island Avenue, 3rd Floor  
Brooklyn, New York 11235